**STATE OF LOUISIANA et al.,**
**Petitioners,**

v.

**FEDERAL POWER COMMISSION,**
**Respondent.**

No. 72–1220.

United States Court of Appeals,
Fifth Circuit.

Feb. 7, 1973.

Rehearing and Rehearing En Banc
Denied April 13, 1973.

---

Arnold D. Berkeley, Washington, D. C., and Fred G. Benton, Sr., Baton Rouge, La., for petitioners.

Gordon Gooch, Gen. Counsel, George W. McHenry, Jr., First Asst. Sol., Leo E. Forquer, Sol., J. Richard Tiano, First Asst. Sol., F. P. C., Washington, D. C., for respondent.

William B. Cassin, Houston, Tex., for United Gas Pipe Line.

Leon M. Payne, Houston, Tex., and W. DeVier Pierson, Washington, D. C., for United Gas, Inc.

Thomas M. Knebel, Washington, D.C., for Willmut Gas & Oil Co.

J. Evans Attwell and Jack D. Head, Houston, Tex., for Texas Eastern Transmission Corp.

Peter H. Schiff, Gen. Counsel, P. S. C. for N. Y., Albany, N. Y., and Richard A. Solomon, Washington, D. C., for Public Service Commission for State of N. Y.

Barbara M. Gunther, Brooklyn, N. Y., for Brooklyn Union Gas Co.

Howard E. Wahrenbrock, Washington, D. C., and John M. Kuykendall, Jr., Jackson, Miss., for Miss. Valley Gas Co. and others.

Dan A. Bruce, Thomas G. Johnson and William G. Riddoch, Houston, Tex., for Shell Oil.

Richard W. Duesenberg and Dwight W. Miller, St. Louis, Mo., for Monsanto Co.

John T. Miller, Jr., Washington, D. C., for Monsanto Co. and Texas Gulf Sulphur.

Wm. W. Bedwell, John J. Mullally, Washington, D. C., and James H. Wuller, St. Louis, Mo., for Miss. River Transmission Corp.

Harry L. Albrecht, Birmingham, Ala., for Southern Natural Gas Co.

George M. Wear, Monroe, La., for Olinkraft, Inc.

Charles E. McGee, John T. Ketcham and Robert J. Haggerty, Washington, D. C., for Algonquin Gas Transmission Co.

Christopher T. Boland, Washington, D. C., and Robert O. Koch, Owensboro, Ky., for Texas Gas Transmission.

George W. Hugo, Houston, Tex., for Texas Gulf Sulphur.

John S. Schmid, New York City, for Boston Gas Co. and others.

Eaton A. Lang, Jr., Gulfport, Miss., and A. Edward Grashof, New York City, for Miss. Power Co.

Before JOHN R. BROWN, Chief Judge, and BELL and MORGAN, Circuit Judges.

LEWIS R. MORGAN, Circuit Judge:

This case is one of a group arising from the adoption by the Federal Power Commission of "curtailment plans" filed

by United Gas Pipe Line Company. These curtailment plans were the outgrowth of an order promulgated by the FPC and were aimed at serving the public interest by establishing a rational scheme of allocation of available natural gas in light of the current, somewhat critical, shortage of this much-used fuel. Due to this shortage, pipeline companies found that they would not be able to meet all of their current contractual obligations for delivery of gas. At present, the FPC has not finally approved any of the curtailment plans in question. It has, however, issued two orders, Opinions 606 and 606A, which are reviewable and are now challenged by numerous parties on several grounds before this court. Each of the contentions raised by these petitioners will be considered separately below.

### FPC Jurisdiction to Enter Curtailment Orders Affecting Direct Sale Customers

At the time this action was initially filed with this court, we had previously held in Louisiana Power & Light Company v. United Gas Pipe Line Company, 5 Cir. 1972, 456 F.2d 326, that the Commission did not have authority under the Natural Gas Act to order curtailment of sales to direct sale customers. In Federal Power Commission v. Louisiana Power & Light Company, 1972, 406 U.S. 621, 92 S.Ct. 1827, 32 L.Ed.2d 369, the United States Supreme Court reversed that determination by this circuit and held that the Commission was authorized to entertain curtailment plans with regard to both direct sales and sales for resale. Therefore, this opinion by the Supreme Court has conclusively settled the first issue raised by these petitioners and the Commission's jurisdiction is no longer subject to challenge on this basis.

### Opinions 606 and 606A and Damage Suits for Contract Breach Growing Out of Curtailment

Petitioners here, as have the petitioners in several other of the cases arising from this curtailment situation, object to language in Opinions 606 and 606A

issued by the Federal Power Commission on October 5, 1971, and December 3, 1971, which indicated that the adoption of a curtailment plan by the Commission pursuant to its procedures would serve as an "absolute defense" to any private contract actions against the pipeline for damages growing out of the curtailment. This court has today issued a full opinion on this point in International Paper Company v. Federal Power Commission [1] and no purpose would be served by fully restating the result reached in that case here. Therefore we adopt as part of this opinion the holding of International Paper Company v. Federal Power Commission, *supra,* with regard to the effect of Opinions 606 and 606A on possible suits for breach of contract growing out of any curtailment plan which is ultimately adopted.

### FPC's Failure to Consider a Nationwide Curtailment Plan

The State of Louisiana and other petitioners in this action allege that the failure of the FPC to entertain proposals for curtailment on a nationwide scale, rather than on a pipeline by pipeline basis, is an abuse of administrative discretion. We feel that this challenge has been foreclosed by the Supreme Court in Federal Power Commission v. Louisiana Power & Light Co., *supra.* The court stated therein:

We conclude therefore that FPC has jurisdiction asserted in this case and that the Natural Gas Act *fully authorizes the method chosen* by the FPC for its exercise. 406 U.S. at 647, 92 S.Ct. at 1841. (Emphasis supplied).

The "method chosen" is a pipeline by pipeline consideration, thus it cannot be said that such a "fully authorized" method is an abuse of discretion.

### Louisiana's Claim of Equity as a Gas-Producing State

Louisiana eloquently argued to this court that its status as a major gas-producing state merited it some special consideration in the battle over where nec-

essary curtailments must come. The state asserts that it is an abuse of discretion for the FPC to refuse to consider these "equities." The conflict between producing states and consuming states is readily discernible. See Federal Power Commission v. Louisiana Power & Light Co., 406 U.S. at 633, n. 12, 92 S.Ct. at 1835 (and text accompanying).

■ This claim by Louisiana is essentially an argument for a preference. The FPC is a federal agency charged with evenhandedly supervising power matters on a national basis once jurisdiction is established. A major purpose was to prevent the "haves" from being unfair to the "have nots." Therefore, we do not find it an abuse of discretion for the FPC to refuse to consider a claim of preference based on the fortuitous location of gas reserves in a certain area.

Affirmed in part and remanded in part.