862 F.2d 361
 274 U.S.App.D.C. 134
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
ARIZONA ELECTRIC POWER COOPERATIVE, INC., Petitioner,
v.
FEDERAL ENERGY REGULATORY COMMISSION.
 No. 88-1178.
 United States Court of Appeals, District of Columbia Circuit.
 Nov. 30, 1988.
 
 Before MIKVA, BUCKLEY and D.H. GINSBURG, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This cause came to be heard on the petition for review of orders of the Federal Energy Regulatory Commission and was briefed and argued by counsel. The issues have been accorded full consideration by the court and occasion no need for a published opinion. See D.C.Cir.Rule 14(c). For the reasons stated in the accompanying memorandum, it is
 
 
 2
 ORDERED and ADJUDGED, by the Court, that the petition for review is hereby denied.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15.
 
 MEMORANDUM
 
 4
 Arizona Electric Power Cooperative, Inc. ("AEPCO") petitioned for review of two FERC orders. One, issued October 22, 1987, accepted wholesale and supplemental power agreements between Arizona Public Service Company ("APS") and Citizens Utilities Company ("Citizens") and granted summary disposition to APS. The other, issued February 4, 1988, denied AEPCO's request for rehearing. See Arizona Public Service Co., 41 FERC p 61,059 (1987); Arizona Public Service Co., 42 FERC p 61,162 (1988). We uphold both orders.
 
 
 5
 Under Sec. 313(b) of the Federal Power Act, judicial review of FERC orders is only available to a party to a proceeding who is aggrieved by an order issued by the Commission. 16 U.S.C. Sec. 825l (b). Review is limited to objections urged before the Commission in an application for rehearing unless there is reasonable ground for failure to include the objection. Id.
 
 
 6
 AEPCO claims that it is aggrieved as a rate-paying customer of APS for two reasons: (1) because the special peak rate available to Citizens discriminates against AEPCO; and (2) because the contract with Citizens provides for a special low rate for peak service which does not cover a reasonable share of fixed costs and will result in a greater allocation of costs to AEPCO and therefore higher rates. AEPCO's first basis fails because APS has not refused to provide the same service at the same rate to AEPCO. Cf. City of Vernon v. FERC, 845 F.2d 1042 (D.C.Cir.1988). In fact, APS has offered the same contractual arrangement it has with Citizens to all similarly situated customers. See Arizona Public Service Co., 41 FERC p 61,059 (1987).
 
 
 7
 AEPCO's second basis fails because the orders at issue do not allocate to AEPCO any of the costs of providing power to Citizens nor do they change the rates AEPCO pays APS. AEPCO's complaint is that the APS/Citizens contract makes it likely that, at a future rate hearing, AEPCO will be forced to pay rates higher than its fair share. This alleged injury is entirely speculative and it is well within the agency's discretion to postpone consideration of cost allocation and other customers' rates until hearings on those rates. See Kansas Power and Light Co. v. FERC, 851 F.2d 1479, 1484 (D.C.Cir.1988); Louisiana v. FPC, 476 F.2d 140, 147 (5th Cir.1973).
 
 
 8
 AEPCO also claims that it is aggrieved because it is discriminated against, as a competitor of Citizens, by having higher power costs to pass along than does Citizens. This objection to FERC's orders is not properly before this court as AEPCO did not allege any competitive injuries in its application to the Commission for rehearing nor any reasonable grounds for failure to do so. The petition for review, therefore, is denied.